UNITED STATES DISTRICT COURT
NEW JERSEY DISTRICT
CAMDEN VICINAGE

| | |
|---|---|
| KENNETH HARDEN<br><br>Plaintiff,<br><br>vs.<br><br>The City of Millville, Chief Jody Farabella, individually and his official capacity, Officer Jeffrey Proffit, and John Doe Police Officers 1-10, individually and in their official capacities,<br><br>Defendants. | CIVIL ACTION<br><br>Index No.<br><br>SECOND AMENDED COMPLAINT |

Plaintiff, Kenneth Harden, by and through their attorneys, the Law Office of Conrad Benedetto, brings this action for damages and other legal and equitable relief against the City of Millville, Chief Jody Farabella, Officer Jeffrey Proffit, and John Does Police Officers and/or other individuals 1-10, and ABC Entities 1-10, (collectively, "Defendants"), and alleges as follows:

## PARTIES

1. Kenneth Harden is an adult individual and at all times relevant to this Complaint was a resident of the City of Millville, County of Cumberland, State of New Jersey.

2. The Defendant, City of Millville is a chartered subdivision of the State of New Jersey with the capacity to sue or to be sued. At all relevant times, the City of Millville was a duly organized public entity, form unknown, existing under the laws of the State of New Jersey. The City of Millville is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents, departments and agencies. Furthermore, the City of Millville was responsible

for the actions, omissions, policies, practices and customs of its employees and responsible to ensure that its employees complied with the laws and Constitutions of the United States and the State of New Jersey.

3. Defendant, Jody Farabella, is an adult individual and at all times relevant to this Complaint, upon information and belief was a Captain with the City of Millville Police Department and it is believed and therefore alleged that he was the acting Chief of Police or directing policy and procedures for the City of Millville Police Department before a Chief of Police was appointed or installed.

4. Defendant, Jeffrey Proffit is an adult individual and at all times relevant hereto was a police officer with the City of Millville New Jersey and was acting under the color of law within the course and scope of his duties as a police officer with the City of Millville Police Department.

5. At all times relevant hereto the City of Millville employed Defendant Police Officer Jeffrey Proffit and other Police Officers, or individuals, John Does 1 – 10, who were acting under color of law within the course and scope of their duties as police officers or law enforcement personnel with the City of Millville's Police Department.

6. At all times relevant hereto, Defendant Officer Proffit and John Doe Police Officers or other individuals 1 - 10, inclusive, were police officers and/or managerial, supervisorial, and policymaking employees of the City of Millville, who were acting under color of law within the course and scope of their duties as police officers and/or managerial, supervisorial and policymaking employees for the City of Millville having the complete authority and ratification of their employer, the City of Millville, and/or ABC Entities 1-10.

7. The true names and identities of Defendants, John Doe Police Officers, and/or other individuals 1-10, and ABC Entities 1-10, inclusive, are unknown to Plaintiff, at this time and

therefore are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to show true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

8. The Officer Defendants are directly liable for Kenneth Harden's injuries under federal and state laws, including, 42 U.S.C. 1983, and are sued in their individual capacities for damages.

9. At all times relevant hereto, Defendant Proffit and John Doe Police Officers and/or other individuals 1-10 were acting under color of law and as employees of the City of Millville.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983, 1985, 1986, 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Cumberland, State of New Jersey.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. On or about July 16, 2015, at about 7:00 a.m. Kenneth Harden and Desiree Best, were in a vehicle driving in the City of Millville. The two had spent the evening in Atlantic City and were returning to Plaintiff's home in Millville.

13. As they were driving in Millville, Kenneth Harden's vehicle was stopped by Officer Profitt of the City of Millville Police Department.

14. After Plaintiff's vehicle was stopped, Defendant Proffit forced Plaintiff out of his vehicle and without provocation punched Plaintiff numerous times in the face and about his body.

15. Fearing for his safety, Plaintiff began to flee from Officer Proffit who began to give chase to Plaintiff. Both Plaintiff and Officer Proffit were on foot.

16. During the chase, Officer Proffit pulled out his service weapon. After noticing that the Officer had pulled out his service gun, Plaintiff stopped running and was quickly apprehended by Officer Proffit.

17. After apprehending Plaintiff, Officer Proffit pushed and shoved Plaintiff to the ground.

18. While on the ground, Officer Proffit attempted unsuccessfully to shove his service gun into Plaintiff's mouth.

19. Officer Proffit subsequently pistol-whipped Plaintiff on the back-right side of his head causing Plaintiff's head to split open and begin bleeding.

20. Plaintiff was then taken to the Millville Police Headquarters where he was charged with resisting arresting.

21. After being processed, Plaintiff was transported to Inspira Hospital in Vineland, New Jersey.

22. At Inspira Vineland Hospital, Plaintiff received multiple staples to his head to stop the bleeding. Other than the head contusion and laceration, Plaintiff presented with numerous abrasions, scratches, and bruises on his face, and torso, headache/pain, and injury to the middle finger of his right hand.

23. As a direct result of the aforesaid incident, Plaintiff has suffered from nightmares and dizziness and will continue to suffer same for an indefinite period of time.

24. When Defendant Officer Proffit caused the aforesaid injuries to Mr. Harden, he maliciously deprived Plaintiff of his right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution and applied to State actors by the Fourteenth Amendment.

25. The attack on Kenneth Harden by Officer Proffit was excessive and unreasonable, especially because Kenneth Harden was unarmed and did not pose an imminent threat of death or serious injury to the Police Officer Defendants, or to any other individuals.

26. As a direct result of the subject conduct of the Police Officer Defendants, Plaintiff suffered extreme pain and suffering, mental anguish, serious injuries to his head, body, and limbs internally and externally, and permanent disfigurement to his body.

27. Officer Proffit's attack on Kenneth Harden combined with the improper restraint procedures he engaged, violated the Plaintiff's Civil Rights.

28. The conduct of Officer Proffit was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Harden and therefore warrants the imposition of exemplary and punitive damages.

29. At all times material hereto, Defendant, Officer Proffit, proximately caused substantial injury to the Plaintiff by the committing a vicious and violent physical assault upon the Plaintiff with the unlawful use of his service weapon, and by engaging other acts/or omissions as described herein.

30. The Defendant City of Millville, also proximately caused the Plaintiff's injuries and is responsible and liable for the damages to the Plaintiff under state law and the principles set forth in <u>Monell v.Department of Social Services, 436 US 658 US 658(1978)</u>.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## LIABILITY OF THE DEFENDANTS, FOR
## FEDERAL CONSTITUTIONAL VIOLATIONS
## 42 U.S.C. § 1983

31. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

32. Defendant, the City of Millville, by and through Chief Farabella and other supervisors, managers, or policymakers, developed policies practices and/or customs which led to Kenneth Harden's injuries and violated his federal constitutional rights.

33. Said policies practices and customs were inherently deficient and resulted in the pain and suffering, mental anguish, severe bodily injuries and permanent disfigurement to the Plaintiff.

34. Defendant, the City of Millville, by and through Defendant Chief Farabella and other supervisors, managers or policy makers negligently, recklessly, and/or intentionally failed to properly train and supervise Defendant Police Officer Proffit and/or John Doe Police Officers or other individuals 1 – 10 with respect to the proper use of force when engaging members of the public.

35. The deliberate indifference of Defendants the City of Millville and Chief Farabella as illustrated above, was a proximate cause of the constitutional violations suffered by the Plaintiff, Kenneth Harden.

36. The violation by the City of Millville and Chief Farabella of Kenneth Harden's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages against Defendants the City of Millville and Chief Farabella, in an amount exceeding $1,000,000.

**WHEREFORE**, the Plaintiff, Kenneth Harden, demands judgment against the Defendants City of Millville and Chief Jody Farabella, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### LIABILITY OF DEFENDANTS AND
### DEFENDANTS, JOHN DOE POLICE OFFICERS 1-10 FOR
### DEFENDANTS, FEDERAL CONSTITUTIONAL VIOLATIONS

37. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

38. At all times relevant hereto, Defendant Police Officer Proffit and Defendants John Doe Police Officers, and other individuals 1-10 were acting under color of state law as employees of the City of Millville, County of Cumberland, New Jersey.

39. The actions of Defendants Police Officer Proffit and John Doe Police Officers or other individuals 1 – 10 as set forth above violated the Civil Rights of Kenneth Harden as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution to be safe from injury, harm and use of excessive force by the City of Millville Police.

40. The violations by Police Officer Proffit and John Doe Police Officers or other individuals 1-10 of Kenneth Harden's rights under the United States Constitution was the proximate cause of the injuries and harm to Mr. Harden, thereby entitling Plaintiff to compensatory damages from Defendants Officer Proffit and John Doe Police Officers or other individuals 1-10 in their capacities in an amount exceeding $1,000,000.

41. The conduct and actions of Defendant, Police Officer Proffit and John Doe Police Officers or other individuals 1 -10 in their individual capacities was intentional, malicious, willful, wanton and/or in reckless disregard of Mr. Harden's federally protected rights, therefore entitling the Plaintiff to an award of punitive damages.

42. Plaintiff is entitled to recover] punitive damages against Defendants Police Officers Proffit and John Doe Police Officers or other individuals 1-10, in their individual capacities, in an amount greater than $1,000,000.

43. Furthermore, Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff, Kenneth Harden, demands judgment against the DefendantsProffit, and John Doe Police Officers or other individuals 1-10, and each of them, for compensatory and punitive damages, counsel fees and all costs of suit.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### SUPERVISORY LIABILITY OF DEFENDANT, CHIEF JODY FARABELLA
### 42 U.S.C. § 1983

44. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

45. At all times relevant hereto, Defendant Chief Jody Farabella was the Chief of Police of the City of Millville's Police Department.

46. Plaintiff is informed, believes, and therefore alleges that at all times relevant hereto Defendant Farabella was responsible and charged with the duty of setting and administering policies, practices, and procedures for the City of Millville's Police Department by which its Police Officers were duty bound to act and perform within. Plaintiff is further of the belief and therefore alleges that on or about July 16, 2015, Chief Farabella was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and deliberate indifference, on the part of police officers under his command, including the use of excessive force by Millville Police against members of the public.

47. As such, Defendant Farabella not only directed, encouraged, tolerated or acquiesced to this behavior and indifference towards members of the public, but was deliberately indifferent to the likelihood that his staff, employees and/or police officers would use excessive force when engaging members of the public.

48. The deliberate indifference of Defendant Chief Farabella of the need to train and supervise his staff, employees and/or police officers against the use of excessive force and/or the proper use and exercise of force was a proximate cause of the constitutional violations suffered by the Plaintiff, Kenneth Harden.

49. The violation by Chief Farabella of Kenneth Harden's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Chief Farabella in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff, Kenneth Harden, demands judgment against Defendant Chief Farabella for compensatory and punitive damages, counsel fees, and all costs of suit.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-1, et. seq. DEFENDANTS, THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, INDIVIDUALLY AND HIS OFFICIAL CAPACITY, POLICE OFFICER JEFFREY PROFFIT, AND JOHN DOE POLICE OFFICERS AND/OR INDIVIDUALS 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AND ABC ENTITIES 1-10, AND IN THEIR OFFICIAL CAPACITIES

50. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

51. At all times material hereto, Defendant Police Officer Jeffrey Proffit and John Doe Police Officers or other individual 1 – 10 were acting under color of law when they used excessive force against Plaintiff, Kenneth Harden and failed to protect Plaintiff from injury or harm.

52. The Defendants, the City of Millville and Chief Farabella, failed to adequately train or otherwise have, maintain and enforce effective policies and practices and training of police officers to protect members of the public from injury or harm.

53. The Defendants, the City of Millville and Chief Farabella, were deliberately indifferent to the likelihood that the City of Millville's staff, employees and/or police officers, including Defendant Proffit and Defendants John Doe Police Officers 1 – 10, would use excessive force against members of the public and fail to keep members of the public free from injury or harm in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

WHEREFORE, the Plaintiff, Kenneth Harden, demands judgment against the Defendants for compensatory and punitive damages, counsel fees, and all costs of suit.

### PLAINTIFF'S FIFTH CLAIM FOR RELIEF BATTERY AGAINST ALL DEFENDANTS, THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, INDIVIDUALLY AND HIS OFFICIAL CAPACITY, POLICE OFFICER JEFFREY PROFFIT, AND JOHN DOE POLICE OFFICERS AND/OR INDIVIDUALS 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AND ABC ENTITIES 1-10, AND IN THEIR OFFICIAL CAPACITIES

54. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

55. The Defendants owed a duty to keep Plaintiff, Kenneth Harden free from harm and injury, and had a duty to other members of the public to keep them free from injury or harm, and against the use and infliction of excessive force upon their persons.

56. Defendants intentionally subjected Kenneth Harden to cruel and unusual punishment by the use and infliction of excessive force upon his person.

57. The deliberate indifference of the Defendants to Kenneth Harden's rights caused substantial harm, permanent injury and disfigurement to Plaintiff.

58,. As a direct and proximate result of Defendants' actions and conduct, Plaintiff was severely injured and suffered permanent disfigurement, pain and suffering, and mental and emotional harm.

WHEREFORE, the Plaintiff, Kenneth Harden, demands judgment against Defendant Proffit and John Doe Police Officers, or other individuals 1-10 and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### SIXTH CLAIM FOR RELIEF NEGLIGENCE AGAINST ALL DEFENDANTS, THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, INDIVIDUALLY AND HIS OFFICIAL CAPACITY, POLICE OFFICER JEFFREY PROFFIT, AND JOHN DOE POLICE OFFICERS AND/OR INDIVIDUALS 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AND ABC ENTITIES 1-10, AND IN THEIR OFFICIAL CAPACITIES

59. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

60. The City of Millville, its Police Department and Chief Farabella had a duty to train and supervise its staff, employees and/or police officers on the appropriate use of force against members of the public, and to protect members of the public from injury and harm.

61. The City of Millville, its Police Department and Chief Farabella failed to properly train and supervise its staff, employees and police officers on the appropriate use of force when engaging members of the public and to protect members of the public from injury or harm.

62. As a direct and proximate result of the negligence of the City of Millville, Kenneth Harden suffered significant injuries, permanent disfigurement, pain and suffering and mental and emotional harm.

63. Plaintiff is entitled to an award of compensatory damages against the City of Millville in an amount which exceeds $1,000,000.

WHEREFORE, the Plaintiff, Kenneth Harden, demands judgment against the City of Millville for compensatory and punitive damages, counsel fees, and all costs of suit.

**SEVENTH CLAIM FOR RELIEF VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FOURTH AMENDMENT – UNLAWFUL ARREST) AGAINST ALL DEFENDANTS THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, INDIVIDUALLY AND HIS OFFICIAL CAPACITY, POLICE OFFICER JEFFREY PROFFIT, AND JOHN DOE POLICE OFFICERS AND/OR INDIVIDUALS 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AND ABC ENTITIES 1-10, AND IN THEIR OFFICIAL CAPACITIES**

64. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

65. The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

66. Defendant, Officer Proffit charged Plaintiff, Kenneth Harden with resisting arrest (2015-000-1239); possession of a weapon (2015-000-1240); and obstruction of justice (2015-000-1893).

67. The City's Code of Ordinance further requires a lawful arrest on the underlying charge in order to sustain a conviction for resisting arrest. As discussed above, since Defendant, Officer Proffit, lacked sufficient probable cause to arrest Plaintiff, Kenneth Harden for disorderly conduct, he similarly lacked probable cause to charge Plaintiff, Kenneth Harden, with resisting arrest. *See Swiecicki v. Delgado*, 463 F.3d 489, 500 (6th Cir. 2006).

68. Consequently, Plaintiffs seek: (1) compensatory and punitive damages; and (2) reasonable attorney fees.

WHEREFORE, the Plaintiff, Kenneth Harden, demands judgment against the Defendants for compensatory and punitive damages, counsel fees, and all costs of suit.

### EIGHTH CLAIM FOR RELIEF VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FOURTH AMENDMENT – EXCESSIVE FORCE) AGAINST ALL DEFENDANTS THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, INDIVIDUALLY AND HIS OFFICIAL CAPACITY, POLICE OFFICER JEFFREY PROFFIT, AND JOHN DOE POLICE OFFICERS AND/OR INDIVIDUALS 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AND ABC ENTITIES 1-10, AND IN THEIR OFFICIAL CAPACITIES

69. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

70. The Fourth Amendment prohibits police officers from using excessive force when effectuating an arrest.

71. Plaintiff's conduct never posed a risk of physical danger to the Individual Defendants.

72. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered severe physical, mental, and emotional injuries.

WHEREFORE, the Plaintiff, Kenneth Harden, demands (1) compensatory and punitive damages; and (2) reasonable attorney fees against the Defendants for compensatory and punitive damages, counsel fees, and all costs of suit.

LAW OFFICE OF CONRAD J. BENEDETTO

BY:  *Conrad J. Benedetto /s/*
    **CONRAD J. BENEDETTO, ESQUIRE**
    **Identification Number: CB1697**
    **Attorney for Kenneth Harden**
    1233 Haddonfield Berlin Road, Suite #1
    Voorhees, NJ 08043
    Telephone (856)500-2727
    Email: cjbenedetto@benedettolaw.com

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

### LAW OFFICE OF CONRAD J. BENEDETTO

BY: *Conrad J. Benedetto /s/*
      CONRAD J. BENEDETTO, ESQUIRE
      Identification Number: CB1697
      Attorney for Kenneth Harden
      1233 Haddonfield Berlin Road, Suite #1
      Voorhees, NJ 08043
      Telephone (856)500-2727
      Email: cjbenedetto@benedettolaw.com