**REYNOLDS & HORN, P.C.**
750 Route 73 South, Suite 202 A
Marlton, New Jersey 08053
(856) 988-7955
Attorney for Defendants, City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit
TBR 019311982

| | |
|---|---|
| KENNETH HARDEN<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, OFFICER JEFFREY PROFFIT, ET ALS.<br><br>Defendant | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY, CAMDEN VICINAGE<br><br>CIVIL NO. 1:17-CV-05127-NLH-KMW<br><br>**ANSWER, SEPARATE DEFENSES, AND JURY DEMAND ON BEHALF OF DEFENDANTS THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, AND OFFICER JEFFREY PROFFIT** |

Defendants, The City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit, by way of Answer to the Complaint of plaintiff, above, state:

## PARTIES

1.  Neither admitted nor denied and plaintiff is left to his proofs.

2.  Neither admitted nor denied and plaintiff is left to his proofs.

3.  Admitted.

4.  Admitted.

5.  Neither admitted nor denied and plaintiff is left to his proofs.

6.  Neither admitted nor denied and plaintiff is left to his proofs.

7.  Denied.

8.  Denied.

9.  Neither admitted nor denied and plaintiff is left to his proofs.

1

## JURISDICTION AND VENUE

10. Denied that these answering parties are liable for deprivations of constitutional rights.

11. Neither admitted nor denied and plaintiff is left to his proofs.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Neither admitted nor denied and plaintiff is left to his proofs.

13. Neither admitted nor denied and plaintiff is left to his proofs.

14. Denied.

15. Neither admitted nor denied and plaintiff is left to his proofs.

16. Neither admitted nor denied and plaintiff is left to his proofs.

17. Denied.

18. Denied.

19. Denied.

20. Neither admitted nor denied and plaintiff is left to his proofs.

21. Neither admitted nor denied and plaintiff is left to his proofs.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF LIABILITY OF THE DEFENDANTS, FOR FEDERAL CONSTITUTIONAL VIOLATIONS 42 U.S.C. § 1983

31. These answering parties repeat their answer to the allegations of the preceding paragraphs as set forth at length herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

**WHEREFORE**, Defendants The City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit demand judgment dismissing the complaint with prejudice together with costs of suit and fees.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF LIABILITY OF DEFENDANTS

37. These answering parties repeat their answer to the allegations of the preceding paragraphs as set forth at length herein.

38. Neither admitted nor denied and plaintiff is left to his proofs.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**WHEREFORE**, Defendants The City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit demand judgment dismissing the complaint with prejudice together with costs of suit and fees.

3

## PLAINTIFF'S THIRD CLAIM FOR RELIEF LIABILITY OF DEFENDANTS

44. These answering parties repeat their answer to the allegations of the preceding paragraphs as set forth at length herein.

45. Neither admitted nor denied and plaintiff is left to his proofs.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**WHEREFORE**, Defendants The City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit demand judgment dismissing the complaint with prejudice together with costs of suit and fees.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

50. These answering parties repeat their answer to the allegations of the preceding paragraphs as set forth at length herein.

51. Denied.

52. Denied.

53. Denied.

**WHEREFORE**, Defendants The City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit demand judgment dismissing the complaint with prejudice together with costs of suit and fees.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF

54. These answering parties repeat their answer to the allegations of the preceding paragraphs as set forth at length herein.

55. Neither admitted nor denied and plaintiff is left to his proofs.

56. Denied.

57. Denied.

58. Denied.

**WHEREFORE**, Defendants The City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit demand judgment dismissing the complaint with prejudice together with costs of suit and fees.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF

59. These answering parties repeat their answer to the allegations of the preceding paragraphs as set forth at length herein.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

**WHEREFORE**, Defendants The City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit demand judgment dismissing the complaint with prejudice together with costs of suit and fees.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The answering defendants hereby raise the pertinent Statute of Limitations defenses.

## SECOND SEPARATE DEFENSE

The answering defendants hereby raise all defenses available under the Affidavit of Merit of Statute.  <u>N.J.S.A.</u> 2A:53-26, et seq.

### THIRD SEPARATE DEFENSE

The answering defendants specifically deny negligence.

### FOURTH SEPARATE DEFENSE

The answering defendants performed each and every duty owed to the plaintiff.

### FIFTH SEPARATE DEFENSE

The answering defendants deny plaintiffs' claims of proximate causation.

### SIXTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by the sole negligence of the plaintiff.

### SEVENTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by the acts of others than the answering defendants and the defendants hereby plead the Comparative Negligence Act of the State of New Jersey.  N.J.S.A. 2A:15-1, et seq.

### EIGHTH SEPARATE DEFENSE

The losses and injuries alleged by plaintiff were caused by and arose out of risks of which the plaintiff had full knowledge and had assumed.

### NINTH SEPARATE DEFENSE

The answering defendants fulfilled all duties and obligations to properly inform the patient of all potential risks and complications.

### TENTH SEPARATE DEFENSE

The negligence, if any, was that of others over whom the answering defendants owed no duty and to whom these answering defendants exercised no control.

## ELEVENTH SEPARATE DEFENSE

The plaintiff has failed to state a cause of action upon which relief may be granted.

## TWELFTH SEPARATE DEFENSE

The answering defendants assert that plaintiff's alleged losses and injuries are the result of an act by an independent intervening agency or instrumentality over which the answering defendants had no power or control.

## THIRTEENTH SEPARATE DEFENSE

To the extent that it may be applicable, plaintiff's complaint is barred by laches.

## FOURTEENTH SEPARATE DEFENSE

To the extent that it may be applicable, defendants raise the affirmative defense of *res judicata*.

## FIFTEENTH SEPARATE DEFENSE

The proximate cause of the alleged injuries was the existing and pre-existing physical condition of the plaintiff.

## SIXTEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's Complaint is barred or limited by lack of personal and/or subject matter jurisdiction.

## SEVENTEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's claims are barred or limited by the entire controversy doctrine.

## EIGHTTEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's claim is barred by the provisions of the New Jersey Tort Claims Act.

## NINETEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's claim is barred and/or limited by the New Jersey Wrongful Death Act, N.J.S.A. 2A:3.1 et seq.

## TWENTIETH SEPARATE DEFENSE

To the extent applicable, defendant(s) raises all defenses under the New Jersey Property-Liability Insurance Guaranty Association Act. N.J.S.A. 17:30A-1 et seq.

## TWENTY FIRST SEPARATE DEFENSE

To the extent applicable, defendant(s) is entitled to a credit for any and all medical bills or other benefits for which plaintiff either received or is entitled to receive benefits from any collateral source pursuant to N.J.S.A. 2A:15-97.

## TWENTY SECOND SEPARATE DEFENSE

The answering Defendants are not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of N.J.S.A. 59:2-2(b).

**TWENTY THREE SEPARATE DEFENSE**

The answering Defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:3-1, et. seq.

**TWENTY FOUR SEPARATE DEFENSE**

The answering Defendants assert the applicability of the provisions of N.J.S.A. 59:2-3 through 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

**TWENTY FIVE SEPARATE DEFENSE**

The answering Defendants assert the applicability of the provisions of N.J.S.A. 59:8-3 through 59:8-7 regarding failure to provide adequate and timely notice of claim.

**TWENTY SIX SEPARATE DEFENSE**

The answering Defendants assert the applicability of the provisions of N.J.S.A. 59:8-8 through 59:8-11 regarding failure to timely file a notice of claim and/or failure to file a notice of claim as set forth therein.

**TWENTY SEVEN SEPARATE DEFENSE**

Any recovery to which the Plaintiff might otherwise be entitled is subject to reduction in accordance with the judgments, damages and interest provided in N.J.S.A. 59:9-2.

**TWENTY EIGHT SEPARATE DEFENSE**

The answering Defendants assert the applicability of N.J.S.A. 59:9-3 and 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

### TWENTY NINE SEPARATE DEFENSE

The answering Defendants, by pressing the aforementioned defense(s), do not intend to limit their defenses and/or rights under the Act, and hereby affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act [N.J.S.A. 59:1-1, et. seq.] which provisions are applicable and have not been previously cited in this Answer.

### THIRTY SEPARATE DEFENSE

The answering Defendants did not act with malice but did act in good faith, therefore, the Plaintiff is not entitled to damages.

### THIRTY ONE SEPARATE DEFENSE

The answering Defendants assert that the actions taken by the answering Defendants were subject to immunity or partial immunity or authorized by law.

### THIRTY TWO SEPARATE DEFENSE

The answering Defendants asserts that the actions taken by the answering Defendants were subject to qualified immunity under U.S. Constitutional and New Jersey Constitutional Law.  The answering Defendants assert that the Plaintiff has failed to plead any constitutional violations with such specificity as to state a cognizable claim under 42 U.S.C.A. §1983 or N.J.S.A. 10:6-2.

### THIRTY THREE SEPARATE DEFENSE

Defendants are immune from claims for Punitive Damages under State and Federal Constitutional, Statutory, and Case Law, and plaintiff has failed to state a cause of Action to warrant recovery of Punitive Damages.

## THIRTY FOUR SEPARATE DEFENSE

The answering Defendants assert that the Plaintiff's Fourteenth Amendment claims must be dismissed as a matter of law because claims made against law enforcement Officers alleging excessive use of force are properly analyzed under the Fourth Amendment.  Plaintiff was not denied procedural or substantive due process or equal protection under the law.

## THIRTY FIVE SEPARATE DEFENSE

Defendants hereby reserves the right to amend this Answer to assert additional separate defenses as revealed or suggested by the completion of ongoing investigation and discovery.

## JURY TRIAL DEMAND

Defendant City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit hereby demand trial by jury as to all issues.

REYNOLDS & HORN, P.C.

By:
THOMAS B. REYNOLDS, ESQUIRE
Attorney for Defendant, The City of Millville, Chief
Jody Farabella, and Officer Jeffrey Proffit

Dated: 8/10/17

11