UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY, CAMDEN DIVISION

------------------------------------------------------------ X

**KENNETH HARDEN,**

                *Plaintiff,*

           -against-

**THE CITY OF MILLVILLE, CHIEF JODY FARABELLA, OFFICER JEFFREY PROFFIT, ET ALS.**

                *Defendants*.

CIVIL NO:
1:17-cv-05127-NLH-KMW

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

------------------------------------------------------------ X

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

    This is a civil rights action alleging various §1983 violations by the City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit, and others, based upon Plaintiff Kenneth Harden's unlawful, and with excessive force, arrest on June 15, 2015. After his acquittal of all criminal charges on December 14, 2016, Harden filed a timely complaint with this Court on July 13, 2017, for the redress of deprivation of constitutional rights as protected by 42 U.S.C §§1983, 1985, 1986, 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitution. On October 12, 2017, Defendants filed with this Court a Motion for Dismissal, alleging that Plaintiffs' claims are barred by the applicable statute of limitations.

    Based upon a misinterpretation and misstatement of existing §1983 case law, Defendants argue that Plaintiff's §1983 claims, and associated state law claims, are barred, contending the statute of limitations on his constitutional claims began to run on the date of his arrest, resulting in all of his claims falling outside of the applicable statue. For reasons stated below, Defendants' contentions are incorrect, as case precedent establishes that Plaintiff's claims accrued at the time

of his acquittal of criminal charges, resulting in the timely filing of his complaint. For the reasons stated in this memorandum below, Plaintiffs oppose and respectfully request that this Court deny Defendants' Motion.

## **TABLE OF CONTENTS**

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS ...................... i

TABLE OF AUTHORITIES ........................................................................................ iv

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

    I.    THE STATUTE OF LIMITATIONS ON PLAINTIFF'S CLAIMS BEGAN TO RUN UPON PLAINTIFF'S ACQUITTAL, THEREFORE DEFENDANTS' MOTION TO DISMISS MUST FAIL AS PLAINTIFFS'S CLAIMS WERE FILED WITHIN TWO YEARS OF THEIR ACCRUAL AND ARE OTHERWISE TOLLED, TIMELY NOTICING DEFENDANTS ........................................................................1

        a.    Standard of Review ........................................................................1

        b.    Plaintiff's Claims Were Filed within Two Years of the Date of Accrual ...............................................................................................2

CONCLUSION ...............................................................................................................3

## **TABLE OF AUTHORITIES**

Cases

*3085 Kennedy Realty Co. v. Tax Assessor of the City of Jersey City*, 287 N.J Super. 318 (1996). 1

*Bougher v. University of Pittsburgh*, 882 F.2d 74, (1989) ................................................................ 1

*Cito v. Bridgewater Township Police Dep't* 892 F.2d 23, (3d Cir. 1989) ....................................... 1

*Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991) ....................................................... 1

*Kossler v. Crisanti*, 564 F.3d 181, (3d Cir. 2009) ......................................................................... 2

*Owens v. Okure,* 488 U.S. 235, (1989) ............................................................................................ 1

*Wallace v. Kato*, 549 U.S. 384, (2007) ............................................................................................ 1

Statutes

42 U.S.C. §1983 ................................................................................................................... ii, 1, 2

42 U.S.C. §1985 ...................................................................................................................... ii, 1

42 U.S.C. §1986 ........................................................................................................................... ii

42 U.S.C. §1988 ........................................................................................................................... ii

N.J.S.A 2A:14-2 ....................................................................................................................... 1, 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **THE STATUTE OF LIMITATIONS ON PLAINTIFF'S CLAIMS BEGAN TO RUN UPON PLAINTIFF'S ACQUITTAL, THEREFORE DEFENDANTS' MOTION TO DISMISS MUST FAIL AS PLAINTIFFS'S CLAIMS WERE FILED WITHIN TWO YEARS OF THEIR ACCRUAL AND ARE OTHERWISE TOLLED, TIMELY NOTICING DEFENDANTS**

   a. **Standard of Review**

Actions brought pursuant to 42 U.S.C. §1983 are subject to the statute of limitations applicable to personal injury claims in the state in which the claim arises. *Owens v. Okure,* 488 U.S. 235, 249-50 (1989); *3085 Kennedy Realty Co. v. Tax Assessor of the City of Jersey City*, 287 N.J Super. 318, 323 (1996). The same standard applies to 42 U.S.C. §1985. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 79-80 (1989). Under New Jersey law, a personal injury claim must be brought within two years of the date of accrual. N.J.S.A 2A:14-2. Hence, the statute of limitations for Section §1983 claims is two years from the time of accrual. *See Cito v. Bridgewater Township Police Dep't* 892 F.2d 23, 24 (3d Cir. 1989) (as applied to §1983 claims); *Bougher*, 882 F.2d. at 79-80 (applied to §1985 claims).

A §1983 cause of action does not accrue until all of the elements of the claim are met. Federal law governs when the statute of limitations for a §1983 action accrues. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Federal law "establishes that the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual is the occurrence of damages caused by a wrongful act -- "when a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Id*. (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). As the Court in *Wallace* explained, "'the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.'" *Id*. at 391 (quoting 1 Calvin W. Corman, *Limitation of Actions* §7.4.1 (1991)).

### b. Plaintiff's Claims Were Filed within Two Years of the Date of Accrual

Defendants' Motion for Dismissal contends that when Plaintiff filed his original complaint with this Court on July 13, 2017, for violations of his constitutional rights arising out of an unlawful and excessively-forced arrest, his complaint somehow falls outside of New Jersey's two-year statute of limitations, as the unlawful arrest occurred on June 15, 2015. However, this contention is erroneous. Plaintiff's claims arise out of the charges for which he was acquitted of on December 14, 2016, leaving Plaintiff's complaint with ample amount of time within the statute of limitations.

It is well settled that a §1983 claim based on violation of constitutional rights does not accrue until proceedings against a criminal defendant are dismissed. *See Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) where "Consistent with this purpose, we have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *citing Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (describing various ways to demonstrate a favorable termination indicative of innocence, including "the formal abandonment of the proceedings by the public prosecutor," "the quashing of an indictment or information," or "a final order in favor of the accused by a trial or appellate court." While Defendants' contend that Plaintiff's "original complaint was filed more than 2 years following the subject events, arrest, and charging of criminal offenses," (Def. Cert. of Counsel at 1), the statute of limitations begins to run after the favorable adjudication.

The relevant statute of limitations under New Jersey law is the two-year statute of limitations applicable to personal injury torts: N.J.S.A. §2A: 14-2. In this case, charges against the Plaintiff were entirely dismissed on December 14, 2016. Accordingly, the claim accrued on December 14, 2016. Plaintiff filed his complaint against Defendants on July 13, 2017, more than one year before the running of the statute of limitations.

Therefore, because Plaintiff filed his complaint less than two years after his acquittal- the trigger of the running of the statute of limitations, Plaintiff's complaint is timely and Defendants' motion should be dismissed.

## CONCLUSION

For the foregoing reasons, this Honorable Court should deny Defendants' Motion to Dismiss.

Dated: December 18, 2017.	Respectfully submitted,

**The Law Office of Conrad Benedetto**

by:  /s/ Conrad J. Benedetto
     Conrad J. Benedetto, Esquire

**Law Offices of Conrad J. Benedetto**
1233 Haddonfield Berlin Road
Suite 1
Voorhees, NJ 08043
856-401-3033
cjbenedetto@benedettolaw.com

**Excolo Law, PLLC**
Keith Altman (*pro hac vice*)
Solomon Radner (*pro hac vice*)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
Email: kaltman@excololaw.com
       sradner@excololaw.com

## CERTIFICATE OF SERVICE

      I, Conrad Benedetto, hereby certify that on this 19th day of December 2017, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

      */s/ Conrad Benedetto*