```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

KENNETH HARDEN,                        No. 1:17-cv-5127 (NLH/KMW)

       Plaintiff,          **OPINION**

   v.

THE CITY OF MILLVILLE, CHIEF
JODY FARABELLA, individually
and in his official capacity,
OFFICER JEFFREY PROFFIT,

       Defendants.

**APPEARANCES**:

MELISSA YVETTE HOFFMAN
CONRAD J. BENEDETTO
LAW OFFICES OF CONRAD J. BENEDETTO
1233 HADDONFIELD-BERLIN ROAD
SUITE 1
VOORHEES, NJ 08043
    On behalf of Plaintiff

KEITH ALTMAN (pro hac)
SOLOMON RADNER (pro hac)
EXCOLO LAW, PLLC
26700 LAHSER ROAD, SUITE 401
SOUTHFIELD, MI 48033
    On behalf of Plaintiff

THOMAS B. REYNOLDS
REYNOLDS & HORN, P.C.
A PROFESSIONAL CORPORATION
750 ROUTE 73 SOUTH
SUITE 202 A
MARLTON, NJ 08053
    On behalf of Defendants The City of Millville and Chief
    Jody Farabella

PATRICK JOSEPH MADDEN
MADDEN & MADDEN, PA
108 KINGS HIGHWAY EAST

SUITE 200
PO BOX 210
HADDONFIELD, NJ 08033-0389
    On behalf of Defendant Officer Jeffrey Proffit

**HILLMAN, District Judge**

This matter concerns various § 1983 and related state law claims by Plaintiff Kenneth Harden against Defendants the City of Millville, Chief Jody Farabella, and Officer Jeffrey Proffit. Before the Court is a motion to dismiss by the City of Millville and Farabella based on the statute of limitations. For the reasons set forth below, the Court will grant the motion.

### I.

The Court takes its facts from Plaintiff's Second Amended Complaint. In 2015, Plaintiff and a companion were driving in the City of Millville when they were stopped by Officer Proffit of the City of Millville Police Department. After stopping Plaintiff, Proffit "forced Plaintiff out of his vehicle and without provocation punched Plaintiff numerous times in the face and about his body." Fearing for his safety, Plaintiff attempted to flee. He was chased by Proffit who pulled out his service weapon. In response, Plaintiff stopped running and was apprehended.

Proffit then "pushed and shoved Plaintiff to the ground," where "Officer Proffit attempted unsuccessfully to shove his

service gun into Plaintiff's mouth." He then "pistol-whipped Plaintiff on the back-right side of his head causing Plaintiff's head to split open and begin bleeding."

Plaintiff was taken to the Millville Police Headquarters where he was charged with resisting arrest. After being processed, Plaintiff was transported to Inspira Hospital in Vineland, New Jersey, where he received multiple staples to his head. In addition to the injury to his head, Plaintiff also had other abrasions, scratches, and bruises on his face and torso. He also had a headache and injury to the middle finger on his right hand. As a result of the 2015 incident, Plaintiff has suffered continuously from nightmares and dizziness.

Plaintiff filed a Second Amended Complaint in this matter on July 18, 2017. Plaintiff's Second Amended Complaint asserts eight counts against Defendants: (1) a § 1983 claim appearing to be a Monell[1] claim, (2) what appears to be a § 1983 claim under the Eighth and Fourteenth Amendments, (3) a § 1983 claim for supervisory liability, (4) a claim for violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, (5) battery, (6) negligence, (7) a § 1983 claim under the Fourth Amendment for unlawful arrest, and (8) a § 1983 claim under the Fourth Amendment for excessive force.

---

[1]  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

All Defendants answered on August 10, 2017, specifically asserting a statute of limitations defense. On October 12, 2017, Defendants the City of Millville and Farabella filed their motion to dismiss.[2]

**II.**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under 42 U.S.C. § 1983. The Court exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**III.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well

---

[2] Proffit does not appear to have joined in the motion to dismiss. Proffit filed a motion to stay the case as to Proffit on September 14, 2017, which was granted by Magistrate Judge Karen Williams on November 7, 2017. Co-defendants joined in that motion by way of a September 19, 2017 letter, requesting the matter be stayed as to all parties. While Magistrate Judge Williams' Order stayed this case, Magistrate Judge Williams was advised by Defendants' the City of Millville and Farabella, who filed their Motion to Dismiss after Proffit's Motion to Stay, that they still requested a decision on this motion even in light of the stay. In light of the disposition of the current motion the Court will issue an Order to Show Cause as to why this matter should not be dismissed as to Defendant Proffit as well.

settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

## IV.

Defendants' motion asks for dismissal based on the statute of limitations. Accordingly, the Court begins by determining the relevant statute of limitations that applies to this action.

Five counts of Plaintiff's Second Amended Complaint appear to assert various § 1983 claims arising from Plaintiff's arrest. "State law provides the statute of limitations applicable to a section 1983 claim." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable

6

state's statute of limitations for personal-injury claims." Id. N.J.S.A. 2A:14-2 provides: "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ." Accordingly, the statute of limitations for Plaintiff's § 1983 claims is two years.

Plaintiff also brings claims under the New Jersey Civil Rights Act and for battery and negligence. These, too, have a statute of limitations of two years. Lapolla v. County of Union, 157 A.3d 458, 464 (N.J. Super. Ct. App. Div. 2017) ("The statute of limitations for claims under the NJCRA is two years." (citing N.J.S.A. 2A:14-2(a))); Dean v. Deptford Township, No. 13-5197, 2015 U.S. Dist. LEXIS 42619, at *7 (D.N.J. Apr. 1, 2015) ("The statute of limitations for Plaintiff's common law assault and battery claims is . . . two years pursuant to N.J. Stat. Ann. § 2A:14-2."); Rolax v. Whitman, 175 F. Supp. 2d 720, 725 (D.N.J. 2001) ("The New Jersey statute of limitations for claims asserting personal injuries is two years. Thus, [the] § 1983 claims and the common law battery claim . . . are governed by the same two-year statute of limitations." (citation omitted) (citing N.J.S.A. 2A:14-2)); Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 478 (D.N.J. 2002) ("New Jersey's statute of limitations governing personal injury claims,

7

including claims sounding in negligence . . . , is found at N.J.S.A. 2A:14-2 . . . ."); GMC v. City of Linden, 671 A.2d 560, 567 (N.J. 1996) ("The statute of limitations for personal injury claims based on negligence, including section 1983 claims, is two years.").

The Court next must determine the date of accrual of Plaintiff's claims. "Federal law . . . governs the issue of what constitutes accrual." Dique, 603 F.3d at 185. "Accrual is the occurrence of damages caused by a wrongful act – 'when a plaintiff has "a complete and present cause of action," that is, when "the plaintiff can file suit and obtain relief."'" Id. (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)).

The Court finds the date of Plaintiff's arrest is the date of accrual. Plaintiff disputes this, citing Kossler v. Crisanti, 564 F.3d 181 (3d Cir. 2009) for the proposition that "a § 1983 claim based on violation of constitutional rights does not accrue until proceedings against a criminal defendant are dismissed." Kossler states: "[W]e have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Id. at 187. In Kossler, however, the Third Circuit was discussing a malicious prosecution claim, in which favorable termination is an element of the claim. Id. at 186 ("To prove malicious prosecution under § 193, a plaintiff

must show that . . . the criminal proceeding ended in plaintiff's favor." (quoting Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003))). Plaintiff's Second Amended Complaint does not assert a cause of action for malicious prosecution. The Court finds the accrual date is the date of arrest.

The actual date of Plaintiff's arrest also warrants discussion. Plaintiff's Second Amended Complaint pleads that the incident occurred on July 16, 2015. Typically, on a motion to dismiss, this Court is required to accept all factual allegations in a complaint as true. The Certification of Thomas B. Reynolds, however, states:

> As set forth in the certification of Millville City Police Department Detective William A. Loteck, dated October 9, 2017, . . . Detective Loteck certifies that according to Millville Police Department records, the charges in question were filed as a result of an arrest made by co-defendant Police Officer Jeffrey Proffit on June 15, 2015, or over one month prior to the date of the relevant events as alleged by plaintiff in his original and amended complaints.

The Certification of William A. Loteck confirms the same. Attached to Defendants' Motion to Dismiss is Plaintiff's Arrest Report.

"In deciding motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the

9

basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004).  The Court will consider the Arrest Report in deciding this Motion to Dismiss.  "On a motion to dismiss, . . . the Court may consider undisputedly authentic documents upon which the plaintiff's complaint is based."  Kelly v. City of Newark, No. 17-0498, 2018 U.S. Dist. LEXIS 44528, at *19 n.5 (D.N.J. Mar. 16, 2018).  "A document falls into this category even where the complaint does not cite or 'explicitly rely[]' on it; '[r]ather, the essential requirement is that the plaintiff's claim be "based on that document."'"  Id. (alteration in original) (quoting Brusco v. Harleysville Ins. Co., No. 14-914, 2014 U.S. Dist. LEXIS 86794, at *5 (D.N.J. June 26, 2014)).  In Kelly, the court found "Plaintiffs Amended Complaint [wa]s squarely derived from Plaintiff's allegedly unlawful arrest and the criminal complaint filed against him in relation to the arrest."  Id.  Accordingly, the court "consider[ed] Plaintiff's Judgment of Dismissal and Arrest Report."  Id.

Plaintiff's Arrest Report lists the date of arrest as June 15, 2015 and the date of offense as June 15, 2015.  Notably, Plaintiff does not appear to contest the date.  His brief, at all times, refers to a June 15, 2015 arrest.  At no point does Plaintiff reference a July arrest.  In short, it appears to be an uncontested, incontrovertible, and indeed admitted fact, derived from an undisputedly authentic document from a public

10

agency, that the incident that forms the basis for all of Plaintiff's claims occurred on June 15, 2015.

Having determined that the date of accrual of Plaintiff's claims resulting from the arrest is June 15, 2015, the Court finds all of Plaintiff's claims barred by the statute of limitations.  As even Plaintiff's earliest filed complaint, filed on July 13, 2017, was filed two years after the June 15, 2015 arrest, Plaintiff's claims fall outside the statute of limitations and the Court finds them barred.  The Court will consequently dismiss all claims against the City of Millville and Farabella.

An appropriate Order will be entered.


Date:  May 8, 2018                s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.